**IN THE COURT OF APPEALS OF IOWA**

No. 18-1594
Filed February 6, 2019

**IN THE INTEREST OF N.M. and Z.M.,**
**Minor Children,**

**A.M., Mother,**
        Appellant,

**C.M., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for O'Brien County, David C. Larson, District Associate Judge.

A mother and father separately appeal following their consent to termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Tobias A. Cosgrove of Law Office of Tobias A. Cosgrove, Sibley, for appellant mother.

Scott A. Johnson of Hemphill Law Office, PLC, Spencer, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Tisha M. Halverson of Klay, Veldhuizen, Bindner, DeJong & Halverson, PLC, Paullina, guardian ad litem for minor children.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother and father consented to termination of their parental rights to two children, born in 2005 and 2007. The district court approved the consents and ordered the termination of their rights.

On appeal, the parents contend the consents were not entered voluntarily and intelligently. They concede they agreed to waive reporting of the termination hearing and failed to otherwise make a record on their claim. We conclude error was not preserved. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases."); *In re A.C.-B.*, No. 16-0106, 2016 WL 1366865, at *2 (Iowa Ct. App. Apr. 6, 2016) (noting the father "raises the issue of lack of voluntary and intelligent consent for the first time on appeal. This is insufficient").

Nor did the mother preserve error on her claims that the court should have applied certain exceptions to termination and should have granted her six additional months to work toward reunification. And the father failed to preserve error on his assertion that the consent was not properly notarized.

All that remains is the father's contention that his attorney was ineffective in failing to adequately inform him of his appeal rights. We find the record adequate to address the issue. *See In re D.W.*, 385 N.W.2d. 570, 580 (Iowa 1986).

Statutorily-appointed counsel is obligated to provide effective assistance. *Id.* at 579. The father must establish his appointed attorney's performance was deficient and he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). On our de novo review, we conclude the father cannot

establish *Strickland* prejudice. He acknowledges his attorney informed him of his right to proceed to a termination hearing, advised him of the strength of the State's case, and predicted a limited likelihood of success on the merits. He also acknowledges that he consented to proceed without a reported hearing, thereby eliminating a record for appeal. Under these circumstances, there is no reasonable probability of a different outcome had counsel advised him of his appeal rights.

We affirm the termination of the parents' rights to their two children.

**AFFIRMED ON BOTH APPEALS.**